UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEBLANC,

        Plaintiff,                Case Number: 15-12380
                                                HON. AVERN COHN

v.

PEOPLE OF THE STATE OF MICHIGAN,

        Defendant.
_____/

**MEMORANDUM AND ORDER
DENYING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(Doc. 2)
AND DISMISSING COMPLAINT (Doc. 1) WITHOUT PREJUDICE**

I.

Michigan state prisoner Jeffrey LeBlanc has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  Plaintiff claims that Defendant, the People of the State of Michigan, subjected him to a fraudulent trial.  He seeks money damages and injunctive relief.  Plaintiff has also requested that he be permitted to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1).  For the reasons that follow, plaintiff's application to proceed in forma pauperis will be denied and the complaint will be dismissed under 28 U.S.C. § 1915(g).

II.

Indigent prisoners may seek to bring a civil action without prepayment of the fees and costs for the action.  28 U.S.C. § 1915(a)(2).  A prisoner, however, may be barred from proceeding in forma pauperis in a civil action under certain circumstances:

    In no event shall a prisoner bring a civil action or appeal a judgment in a
    civil action or proceeding under this section, if the prisoner has, on 3 or

> more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, this "three strikes" provision allows a court to dismiss a case where the prisoner seeks to proceed in forma pauperis, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

However, a plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed in forma pauperis. Vandiver v. Prison Health Services, Inc., 727 F.3d 580, 585 (6th Cir. 2013) ("[T]he threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.") (quotation and citation omitted).

III.

Here, plaintiff has filed four prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.

See LeBlanc v. Kalamazoo County Sheriff, No. 1:14-cv-305 (W.D. Mich. July 29, 2014); LeBlanc v. State of Michigan, No. 1:14-cv-552 (W.D. Mich. June 19, 2014); LeBlanc v. Kalamazoo County Government, No. 1:14-cv-308 (W.D. Mich. May 21, 2014); LeBlanc v. State of Michigan, No. 1:14-cv-237 (W.D. Mich. March 26, 2014).  Thus, he is subject to the "three strikes" rule.  He therefore cannot proceed in forma pauperis unless the complaint falls within the "imminent danger" exception.

Plaintiff's allegations that Defendant was involved in his illegal prosecution and conviction do not fall within the "imminent danger" exception of § 1915(g).  See Fontroy v. Owens, No. 12-4679, 2012 WL 4473216, *2 (E.D. Pa. Sept. 28, 2012) (prisoner's claim challenging the validity of his conviction did not allege imminent danger of serious physical injury); Gray v. Clerk, No. 5:10-cv-46; 2010 WL 553819, *1 (M.D. Ga. Feb. 8, 2010) ("Plaintiff's claims of unlawful confinement do not remotely approach allegations of 'imminent danger of serious physical injury'").

IV.

Accordingly, Plaintiff's application for leave to proceed in forma pauperis is DENIED.  The complaint is DISMISSED WITHOUT PREJUDICE to plaintiff's right to refile the complaint with payment of the full filing fee.

SO ORDERED.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: July 15, 2015
      Detroit, Michigan